UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

        – against –

FRED ELM,
a/k/a Frederic Elmaleh,

                    Defendant.

**OPINION & ORDER**

16 Cr. 356 (ER)

RAMOS, D.J.:

On November 16, 2022, Fred Elm filed a *pro se* motion for compassionate release. Doc. 107. For the reasons set forth below, his motion is GRANTED.

## I.    BACKGROUND

Between June 2013 and December 2014, Fred Elm defrauded investors in his private fund by failing to invest funds as promised, misrepresenting trading results and account balances, and converting investor money for his own use. Doc. 110 at 1. Elm falsely represented that the fund leveraged relationships with leading venture capital firms in order to make pre-IPO investments in emerging technology companies. *Id.* Elm, along with defendant Ahmad Naqvi, raised approximately $18 million from over fifty investors. *Id.* Of the $18 million raised, just $7.1 million was actually invested, while much of the funds were withdrawn to pay for Elm's personal expenses. *Id.* at 2. Moreover, $5.2 million of investor funds were used to simply make payments to earlier investors. *Id.*

Elm was arrested on April 15, 2016 in connection with the scheme, and was thereafter released on bail. *Id.* at 3. One week before his scheduled guilty plea, Elm fled to Canada. *Id.* According to Elm, he fled because ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

On February 19, 2019, Elm was arrested in Canada.  Doc. 110 at 3.  On January 16, 2020, he was extradited to the United States.  *Id.*  In the interim, he spent eleven months in custody pending extradition.  Doc. 100 at 30.  On May 15, 2020, Elm pleaded guilty to two counts, pursuant to a plea agreement—conspiracy to commit securities fraud, and securities fraud.  Doc. 110 at 3.

The applicable guidelines range for the offense was 168–210 months.  Doc. 100 at 7.  On September 25, 2020, the Court indicated its intention to sentence Elm to 96 months.  *Id.* at 25.  However, in light of the eleven months Elm had already served in Canada prior to extradition, the Court deducted eleven months and sentenced him to 85 months.  *Id.* at 30.  The Court sentenced Elm below the applicable Guidelines range, finding that even the lowest end of the range was too long for the offense conduct, and emphasizing that Elm was a nonviolent, first-time offender.  *Id.* at 27.  The Court also noted that "I believe sincerely that…one of [the] reasons [that Elm fled] was a genuine effort to get his family the most effective medical care that they could afford."  *Id.*  The Court ordered Elm to forfeit $8,318,840.07 and pay $12,426,293.11 in restitution.  *Id*. at 31–32.

During Elm's sentencing, the Court also entered an order of removal because Elm is a Canadian, not a U.S., citizen.  *Id.* at 32.  In a June 26, 2024 letter, Elm informed the Court that, on account of the removal order, his eligibility for First Step Act time credit was revoked by the Bureau of Prisons in March 2024, pushing back his release date from March 2025 to March 2026.  Doc. 116 at 2.  He also provides the Court with a copy of an immigration detainer issued against him in January 2020.  Doc. 113 at 9.  Elm is now fifty-four years old.[1]

On September 19, 2022, Elm made a request to his facility's warden for compassionate release, which was thereafter denied.  Doc. 107 at Exhibit A.  On

---

[1] *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Aug. 28, 2024).

November 16, 2022, Elm filed the instant motion. *Id.* at 1. Elm seeks compassionate

release in light of ███████████████████████████████████████

████████ *Id.*

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

███████████████

    According to Elm, there are no other available caregivers for JE. *Id.* at 10. Elm

describes how his wife's family is abusive, and how his own family is not able to care for

JE since his parents are too old and his brother is overwhelmed with his own four

children, ████████████████████████

    Elm provided a letter from his brother which confirms that no other care is

available for JE. Doc. 107 at Exhibit C. In his June 26, 2024 letter to the Court, Elm

indicates that ███████████████████████████████

    The Government responded to the instant motion on December 20, 2022,

opposing the request. Doc. 110. According to the Government, Elm's family

circumstances do not sufficiently warrant a sentence reduction, and the applicable

sentencing factors counsel against granting the request. *Id.* at 4–6. Elm replied on

January 27, 2023, addressing the Government's arguments, Doc. 112, and has since filed

supplemental briefing reiterating his arguments—most recently on June 26, 2024, Doc.

116.

## II.    LEGAL STANDARD

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, a district

court may reduce a term of imprisonment upon motion by a defendant." *United States v.*

*Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th

566, 568 (2d Cir. 2022)). The compassionate release analysis is a two-step process: "the

district judge first determines whether extraordinary and compelling reasons exist to

modify the sentence, and if such reasons exist, the court then considers the Section

3553(a) factors in evaluating what reduction, if any, is appropriate." *United States v.*

*Griffin*, No. 22 Cr. 408 (EK), 2024 WL 2891686, at *1 (E.D.N.Y. June 10, 2024).

"District courts may 'consider the full slate of extraordinary and compelling reasons that

an imprisoned person might bring before them.'" *Fernandez*, 104 F.4th at 426 (citing

*United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

A sentence reduction under 18 U.S.C. § 3582(c)(1) must also be "consistent with

applicable policy statements issued by the Sentencing Commission." *United States v.*

*Stokes*, No. 19 Cr. 307 (SRU), 2024 WL 216643, at *1 (D. Conn. Jan. 19, 2024). "The

applicable policy statement for compassionate release is found in U.S. Sentencing

Guidelines [] § 1B1.13 and Commentary," as amended and effective November 1, 2023.

*Id.* at *2. This update was "meant to accord with the First Step Act's purpose of

increasing the use of sentence reduction motions under section 3582(c)(1)(A)." *United*

*States v. Donato*, No. 03 Cr. 929 (NGG), 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16,

2024) (internal quotation marks and citation omitted).

4

The policy statement provides examples of what may establish an extraordinary and compelling reason:  "(1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; and (4) abuse suffered by the defendant while in custody."  *Id.* (internal citations omitted).  The policy statement "also includes a catch-all provision authorizing the court to consider 'Other Reasons' that demonstrate extraordinary and compelling reasons warranting a reduction in sentence," where those other reasons are "similar in gravity" to the examples provided.  *Id.*  Thus, the policy statement "affords the court significant discretion to determine when a reduction in sentence is warranted."  *Id.*

> A court may make such a sentence modification only:
>
>> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

*United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (emphasis omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Finally, *pro se* submissions such as Elm's "are reviewed with 'special solicitude' and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

## III.    DISCUSSION

As a preliminary matter, Elm's request to his facility's warden for compassionate release was denied on October 14, 2022.  Doc. 110 at 3.  Therefore, Elm "has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) and his motion for a reduction of his sentence may be considered by the court."  *Stokes*, 2024 WL 216643, at *2.

In order to grant Elm's motion, the Court must find that extraordinary and compelling circumstances warrant a reduction in his sentence, that a reduction is

consistent with the § 3553(a) sentencing factors, and that a reduction comports with the requirements of the relevant policy statement from the Sentencing Commission.  The Court considers each piece in turn.

### A.  Extraordinary and Compelling Circumstances

Elm asserts that the ████████████████████████████████████ ██████████ presents an extraordinary and compelling reason warranting early release. Doc. 107 at 7–12.  The Government argues that ████████████████ ████████████████████████████████ and that there are other caregivers available.  Doc. 110 at 5.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

Elm has also established that care is not otherwise available for his son.  Elm details the impediments to his extended family helping: ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ Elm's brother confirms as such in his letter which is attached to the initial motion.  *See id.* at Exhibit C.

The Government also argues that Elm's family situation does not rise to the extraordinary and compelling level necessary for a sentence reduction. Doc. 110 at 5. The Government claims that the difficulties faced by Elm's family are "of a piece with the difficulties frequently encountered by families of individuals who violate the law." *Id.*

The four cases cited by the Government for the proposition that Elm's family situation fails to warrant a sentence reduction are unavailing. The Government cites *United States v. John*, No. 15 CR 208 (CM), 2020 WL 6581217 (S.D.N.Y. Nov. 10, 2020), where the court denied compassionate release for a defendant who sought to assist his wife who provided care to their children and his ailing parents. However, in *John*, the defendant merely sought to "help his wife" care for his family, whereas here ███████ ████████████████████████████████████████ 2020 WL 6581217 at *2. The court in *John* also highlighted the seriousness of the defendant's offense, which included international weapons smuggling, in denying the request. *Id.* *3. In *United States v. Ayala*, No. 21 Cr. 111 (NRB), 2022 WL 2334041 (S.D.N.Y. June 27, 2022), the court denied compassionate release for the father of an ill son. In denying the request, the *Ayala* court noted that the defendant "does not argue that he is the only available caregiver for his son." 2022 WL 2334041 at *3. Here, Elm has provided proof that he is the only available caregiver. In *United States v. Dozier*, No. 18 Cr. 41 (DLC), 2022 WL 836908 (S.D.N.Y. Mar. 21, 2022), compassionate release was denied where, unlike here, the defendant had a "large and supportive family" available to help care for his child in his stead. 2022 WL 836908 at *1. Lastly, in *United States v. Ortiz*, No. 18 Cr. 476 (NRB), 2022 WL 16962291, (S.D.N.Y. Nov. 16, 2022), the court found that compassionate release was unwarranted where, unlike here, the defendant did not "contend that he is the only available caregiver" for his ill family member. 2022 WL 16962291 at *2.

Moreover, the Government's argument that Elm's family situation fails to warrant a sentence reduction appears to run contrary to the relevant U.S. Sentencing Commission

policy statement.  In the recently updated statement, the Commission provides that "extraordinary and compelling reasons" warranting a sentence reduction "exist under…the death or incapacitation of the caregiver of the defendant's minor child[.]" U.S.S.G. § 1B1.13.

Accordingly, the Court finds that Elm has sufficiently established extraordinary and compelling circumstances to justify a reduction of his sentence

### B.  Section 3553(a) Factors

"[A] sentence reduction must also be consistent with the section 3553(a) factors." *United States v. Herbert*, No. 03 Cr. 211 (SHS), 2024 WL 1931962, at *2 (S.D.N.Y. May 2, 2024).  Those factors include:

> the nature and circumstances of the offense; the history and characteristics of the defendant, including age, being a non-violent offender, and remorse; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the affordance of adequate deterrence; and the protection of the public from further crimes of the defendant.

*Id.* (citing 18 U.S.C. § 3553(a)).

The Government argues that Elm has only served a small portion of his allotted sentence, and thus the § 3553(a) factors counsel against compassionate release.  Doc. 110 at 6.  Yet, while Elm had served just 26 months of his sentence as of the Government's December 2022 response, the same is not true today, as Elm has served more than 46 months of his 85-month sentence.  As it stands, Elm is just nineteen months from the BOP's anticipated March 2026 release date, and would be eligible for release in seven months if he were eligible for First Step Act credit.  *See* Doc. 114 at 6.  The Court also notes that, as a noncitizen and in light of the removal order, Elm has been ineligible for early release to a Residential Reentry Center or home confinement.  Doc. 116 at 2; *Herbert*, 2024 WL 1931962, at *2.  His ineligibility for First Step Act credit and the likely extension of his incarceration as part of removal proceedings effectively compound

8

the sentence imposed by the Court. *See Herbert*, 2024 WL 1931962, at \*2 (granting compassionate release for a noncitizen).

Additionally, this is Elm's only conviction. While serious, the offense was non-violent. These factors "played a role in the Court's decision to impose a sentence meaningfully below the Guidelines range initially, and they militate here in favor" of Elm's release. *United States v. Griffin*, No. 22 Cr. 408 (EK), 2024 WL 2891686, at \*3 (E.D.N.Y. June 10, 2024).

Finally, the order of removal mitigates the need to protect the public from Elm's conduct. *See United States v. Londono*, No. 05 Cr. 495 (JGK), 2022 WL 17905065, at \*3 (S.D.N.Y. Dec. 23, 2022) ("it is not necessary at this point to protect the public from the defendant because he has agreed to stipulate to an order of removal and waiver of his rights to resist deportation.").

The Court is therefore satisfied that a reduction in Elm's sentence will not undermine the need to provide just punishment, to protect the public from further crimes, to adequately deter criminal conduct, and to provide Elm with opportunities for rehabilitation. Accordingly, having considered the relevant statutory factors, the Court concludes that compassionate release is warranted.

### C. Policy Statement

Compassionate release here is also consistent with the applicable policy statement issued by the U.S. Sentencing Commission. "The relevant policy statement requires the Court to determine that '[t]he defendant is not a danger to the safety of any other person or to the community' in order to grant release." *Herbert*, 2024 WL 1931962, at \*3 (alteration in original) (quoting U.S.S.G. § 1B1.13(a)(2)). Elm's age, immigration detainer, and non-violent conviction suggest that "there is little concern about danger to the public upon his release from incarceration." *See id.* (granting compassionate release for a fifty-year-old non-violent and noncitizen defendant).

## IV.    CONCLUSION

For the foregoing reasons, Elm's motion for compassionate release is GRANTED and his term of imprisonment is reduced to time served.  All other provisions of Elm's original sentence remain unchanged.

This order is STAYED for fifteen days for the establishment of any appropriate arrangements.  *See United States v. Monteleone*, No. 92 Cr. 351 (ARR), 2023 WL 2857559, at *6 (E.D.N.Y. Apr. 10, 2023).  If more than fifteen days are needed, the parties shall notify the Court.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 107, and to mail a copy of this opinion to Elm.


It is SO ORDERED.


Dated:    September 3, 2024
          New York, New York

_____
                    EDGARDO RAMOS, U.S.D.J.